FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT L.,[1]

          Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

          Defendant.

No.   4:23-cv-5094-EFS

**ORDER RULING ON CROSS MOTIONS FOR REMAND AND REMANDING FOR CALCULATION OF BENEFITS**

Plaintiff Robert L. appeals the denial of benefits by the Administrative Law Judge (ALJ). The parties agree the ALJ erred when analyzing the medical opinions, but the parties disagree about the appropriate remedy. After reviewing the record and relevant authority, the Court remands the case for calculation of benefits.

/

---

[1] To address privacy concerns, the Court refers to Plaintiff by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

ORDER RULING ON CROSS MOTIONS TO REMAND - 1

## I. Background

Plaintiff alleges disability due to HIV, syphilis, obstructive sleep apnea (OSA), obesity, depression, anxiety, hypertension, poor vision, knee and hip arthritis, and headaches.

Due to her pain and reduced functioning, Plaintiff protectively filed for disability insurance benefits and supplemental security income benefits on September 11, 2019, alleging an onset date of March 1, 2019.[2] Plaintiff's claims were denied at initial and reconsideration levels and Plaintiff requested an ALJ hearing.[3] After an ALJ hearing on March 22, 2022, the ALJ issued on unfavorable decision on April 18, 2022.[4] On June 17, 2022, Plaintiff requested review by the Appeal Councils and on April 27, 2023, the Appeals Council denied review.[5] Plaintiff then filed this action.

ALJ Paluchuk found:

- Step one: Plaintiff met the insured status requirements through December 31, 2014.  Also, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2019.

---

[2] AR 242, 260.

[3] AR 132, 136, 139,143.

[4] AR 76—93, 38—56.

[5] AR 236, 1—7.

- Step two: Plaintiff had the following medically determinable severe impairments: human immunodeficiency virus (HIV), syphilis, obstructive sleep apnea (OSA), obesity, depression, and anxiety.

- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

- RFC: Plaintiff had the RFC to perform sedentary work except that:

  standing and walking are limited to one hour at a time and one hour per day and sitting is limited to two hours at a time and seven hours per day. Pushing, pulling, and all postural activities can be performed occasionally except no climbing of ladders, ropes, or scaffolds. All manipulative functions can be performed frequently except for overhead reaching, which only be done occasionally. He needs to avoid concentrated exposure to respiratory irritants and all exposure to hazards. From a psychological perspective, he is able to understand, remember, and carry out only simple, routine tasks, but can maintain concentration, persistence, and pace for two-hour intervals between regularly scheduled breaks. He needs to be in a predictable environment with seldom change and no fast-paced production rate of work. He can make simple work-related judgments, but can have no public contact.

- Step four: Plaintiff has no past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant

ORDER RULING ON CROSS MOTIONS TO REMAND - 3

numbers in the national economy, such as a final assembler, a packager sealer, and a table worker.[6]

Plaintiff now appeals ALJ Paluchuk's denial of disability and asks for an immediate award of benefits.[7] The Commissioner concedes the ALJ erred when relying upon the vocational expert testimony at step five, but the Commissioner asks the Court to remand the matter for further administrative proceedings because there are evidentiary conflicts that must be resolved by the ALJ.[8]

## II. Analysis

### A. Remand Standard

When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course absent rare circumstances.[9] Three factors must be satisfied for the court to consider remand for payment of benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

---

[6] AR 44–52.

[7] ECF Nos. 1, 7.

[8] ECF No. 8.

[9] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)).

> discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[10]

When these factors are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[11]

B.   **Remand Analysis**

The parties agree the second factor is satisfied: the ALJ erred in relying upon the testimony of the vocational expert (VE) that there were 10,200 jobs available in the national economy which Plaintiff could perform.

Plaintiff argues two points in favor of remanding for payment of benefits. First, Plaintiff asserts that the total number of 10,200 jobs in the national economy cited by the VE is less than the minimum required to meet the standard for substantial numbers, pursuant to Ninth Circuit law.[12] Additionally, Plaintiff argues that the number given is inflated and that his own attorney's estimation of the total number of those jobs nationally is significantly lower according to Job Browser Pro software.[13]

---

[11] *Treichler*, 775 F.3d at 1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000)).

[12] ECF No. 7.

[13] *Id.*

ORDER RULING ON CROSS MOTIONS TO REMAND - 5

The Commissioner concedes that the total number of jobs cited by the VE is low but submits there are evidentiary conflicts that require resolution by the ALJ on remand. "Administrative proceedings are generally useful where . . . there is a need to resolve conflicts and ambiguities."[14] The Commissioner argues that remand for calculation of benefits is not appropriate because of the following facts:

- The VE testified that the four jobs cited are representative of jobs in that SOC code and that there may be other jobs available which would constitute substantial numbers.

- That the hearing transcript is incomplete, and it is not possible to fully review the testimony of the VE because portions of his testimony are missing from the transcript.

- That Plaintiff's attorney did not evaluate the jobs cited by the VE in the same manner in which the VE estimated the number of jobs available and there is no requirement that the VE use SkillTRAN Job Browser Pro to obtain numbers.

- That the VE cited only to jobs available in the national economy and that it was possible that there was a sufficient number of jobs available in the local economy to constitute a substantial number of jobs.

The Court addresses each of these purported conflicts.

---

[14] *Treichler*, 775 F.3d at 1101.

1.   Standard

At step five, the ALJ has the burden to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite their identified limitations.[15] At an administrative hearing, an ALJ may solicit vocational expert testimony as to the availability of jobs in the national economy.[16] A vocational expert's testimony may constitute substantial evidence of the number of jobs that exist in the national economy.[17] The ALJ's decision regarding the number of alternative occupations must be supported by substantial evidence.[18]

At step five, the ALJ considers the claimant's background and RFC, along with the testimony of the VE, to decide whether the claimant can perform available jobs notwithstanding his functional limitations.[19] Although the Ninth Circuit has not stated equivocally the number of jobs required to be available in the national economy to constitute a "substantial number," it has stated that the number is

---

[15] *Johnson v. Shalala*, 50 F.3d 1428, 1432 (9th Cir. 1995). *See* 20 C.F.R. § 416.920(g).

[16] *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 2011).

[17] *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

[18] *Farias v. Colvin*, 519 F. App'x 439, 440 (9th Cir. 2013) (unpublished). *See Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).

[19] 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Hill*, 698 F.3d at 1161.

"close" to 25,000.[20] The Ninth Circuit has also held that the number of jobs required to constitute a "substantial number" may be satisfied by "work which exists in significant numbers either in the region where such individual lives or in several regions of the country."[21]

The Ninth Circuit has held that when a plaintiff has produced credible evidence of a vast discrepancy between a VE's job numbers and those presumably from the same source that evidence should not be ignored and the record should be developed.[22] Most recently, the Ninth Circuit held that a plaintiff raised a credible argument regarding the number of jobs raised when the plaintiff's attorney "estimated – using SkillTRAN Job Browser Pro and the same DOT codes the VE had used – that there were" a significantly smaller number of jobs in the national economy than the number cited by the VE.[23]

2.  The VE's Testimony

When given the ALJ's formulated RFC, the VE stated:

---

[20] *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014) (holding that 25,000 jobs nationally is a significant number, but noting that it was a "close call"); *see also Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) (holding that 1,680 jobs nationally was not significant).

[21] *Gutierrez v Comm,* 740 F.3d at 528.

[22] *Buck v. Berryhill*, 869 F.3d 1040, 1052 (9th Cir. 2017).

[23] *White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022).

> There are some very limited options. Representative examples would be final assembler, 713.687-018, it is sedentary work, SVP 2, a reasoning level of 1, there are an estimated 5,000 positions nationally. Example two is packager, sealer, 559.687-014, sedentary work, SVP 2, a reasoning level of 2, there are an estimated 3,000 positions nationally. And example three is table worker, which is cutting fabric, 739.6870182, sedentary work, SVP 2, unskilled, a reasoning level of 1, there are an estimated 2,200 positions nationally.[24]

When questioned regarding his methodology, the VE responded that he had compared the SOC groups and the DOT codes for jobs.[25] He stated that in the SOC group there were a total of 24,831 jobs which were unskilled and performed at the sedentary level and that five to ten of the jobs listed in the SOC group were unskilled and performed at the sedentary level.[26] The VE stated that he estimated the number of those jobs for each of the three jobs cited.[27]

      3.    <u>Whether 10,200 Jobs is a "Substantial Number"</u>

On its face, the number of jobs cited by the VE to be available in the national economy is inconsistent with the Ninth Circuit's ruling in *Guttierez*, as to the number necessary to establish "substantial numbers." The number provided is less than half of the number (25,000) which the Circuit found to be a "close call." Indeed, the parties appear to agree on this fact.

---

[24] AR 86.

[25] AR 87—9.

[26] AR 89-90.

[27] *Id*.

ORDER RULING ON CROSS MOTIONS TO REMAND - 9

While Plaintiff avers that this finding is sufficient to warrant a remand for calculation of benefits, the Commissioner asserts that it does not establish the absence of a substantial number but merely a possibility that is the case. The Commissioner argues that the VE gave only numbers for jobs available nationally and did not give any testimony as to the number of jobs that existed regionally in the region in which Plaintiff resided. This is not a frivolous argument, as the Ninth Circuit has ruled that a substantial number of jobs may be established either by the number available nationally or the number regionally available. But the Court cannot find in the transcript any evidence that the ALJ ever questioned the VE as to the number of jobs available regionally and instead gleans from the record that she requested only national numbers, which, in fact, the VE provided.

The Court finds Plaintiff's argument somewhat persuasive that the VE specifically noted that the number of options for jobs available that met the criteria for the ALJ's formulated RFC was limited. Moreover, the Court notes that the VE stated that the total number of jobs in the SOC code which were available that were unskilled and sedentary was approximately 23,000.[28] It at least appears on the face of the language that the VE was considering only the skill level and exertional level and had not factored in the additional limitations specific to Plaintiff, which would further reduce the number.

---

[28] AR 89–90.

If the total number of jobs in the SOC code which are both unskilled and sedentary in exertion is slightly below 23,000 at the start, that number would be expected to reduce further as the additional limitations are considered. Of the five to ten jobs which the VE said were both unskilled and sedentary in exertion, at least some would be expected to be inconsistent with the manipulative and environmental limitations posed in the RFC. For that reason, the Court finds that remanding the case for additional VE testimony would likely be futile. If the starting point for the entire SOC code is already lower than the 25,000 number, which the Ninth Circuit stated was "close" to the threshold to constitute a substantial number and would be expected to be reduced further, it is not likely that taking additional testimony from the VE would change the outcome.

The Court must then address the Commissioner's assertion that the case should be remanded for further proceedings because the VE might testify that Plaintiff is capable of performing a sufficient number of jobs in the regional economy to satisfy the requirement that a substantial number of jobs existed in the national economy.[29] While the Court agrees that a substantial number of jobs available in the national economy can be established either by showing a sufficient number of jobs in the national economy or in the region in which Plaintiff resides,[30] the ALJ did not question the VE regarding regional numbers, nor did the VE offer

---

[29] *See* ECF No. 8 at 9-11.

[30] *See Gutierrez,* 740 F.3d at 528.

any testimony regarding regional numbers.  In her decision, the ALJ did not consider regional numbers when finding Plaintiff was capable of performing a substantial number of jobs in the national economy and based her reasoning only on the testimony given by the VE as to national numbers.  By raising the issue that the ALJ could have relied upon testimony regarding regional numbers to find Plaintiff capable of performing work, the Commissioner is impermissibly offering a justification which was not offered by the ALJ.[31]

4. <u>The Two-Minute Gap in the Transcript</u>

The Commissioner also asserts that the case should be remanded for further proceedings because it is possible that the VE testified to additional jobs during the two-minute period in which the hearing was not being recorded.[32]  But the transcript itself belies that argument.

The pertinent portion of the transcript states:

Atty:  Okay. Okay. And I guess my last question, then, Mr. Tittlefitz, is when you commented job numbers, in your experience, is that – more than – how am I – how do I want to word this?  When we're trying to identify job – national job numbers, is it – the experience and the knowledge within the industry and more – more points of database and estimate the job numbers nationally that, you know, data points to be able to get to that job – DOT specific job number,

---

[31] *Sec. & Exch. Comm'n v. Chenery Corp.,* 318 U.S. 80 (1943).

[32] ECF No. 8 at 8.

>that that can be even more beneficial than someone with experience and just estimate (INAUDIBLE – silence for two minutes).
>(Off record)
>(On record)
>ALJ: All right to unpause it. Okay, we had a light interruption, and during that time, Mr. Anderson was making a closing statement. We went ahead and let the vocational expert go, and Mr. Anderson, I just want you to confirm that while you were making your closing statement, the vocational expert did not offer any additional testimony, correct?
>Atty: That is correct.[33]

Thus, the record clearly indicates that both the ALJ and Plaintiff's attorney stipulated that the VE did not offer any substantive testimony during the time that the hearing was not being recorded. The Court can find no prejudice to the Commissioner due to the gap in the transcript because the ALJ made clear that the VE did not testify during the time in question.

   5.   <u>Whether Evidence of Conflicting SkillTRAN Job Brower Pro Numbers is Relevant</u>

The Commissioner also argues that the evidence provided by Plaintiff's attorney that SkillTRAN Job Brower Pro indicates far fewer numbers for the jobs cited by the VE is not relevant because the VE did not use Job Browser Pro to

---

[33] AR 90–91.

ORDER RULING ON CROSS MOTIONS TO REMAND - 13

calculate the number of jobs available nor was he required to do so.[34] The Court disagrees. Plaintiff did not allege that the VE was at fault for not utilizing Job Browser Pro software, but rather Plaintiff presented the numbers given by that software as evidence because the data conflicted with the estimates given by the VE.

The Ninth Circuit held that job numbers obtained by a Plaintiff using Job Browser Pro were relevant evidence and noted that SkillTRAN Job Browser Pro is a data source and methodology frequently relied upon by SSA in its determination of cases.[35] Moreover, the Ninth Circuit has ruled that an ALJ's decision was not supported by substantial evidence when an ALJ failed to address a discrepancy between Job Browser Pro numbers and a VE's alternate method of calculating the number of jobs available.[36]

The Commissioner's argument that the case be should be remanded for further proceedings would be persuasive, had the Court's earlier finding not rendered a remand for further proceedings moot. Because the Court has concluded that the total number of jobs cited by the VE does not constitute a substantial

---

[34] ECF No. 8 at 7-9.

[35] *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022).

[36] *White v. Kijakazi*, 44 F.4th at 837 (quoting *Chavez v. Berryhill,* 895 F.3d 962, 966 (7th Cir. 2018)).

number, there is nothing to be gained by remanding the case for consideration of whether the VE's numbers or those derived by utilizing Job Browser Pro are more accurate.

6. Conclusion

In summary, the purported reasons highlighted by the Commissioner do not serve as a basis for additional administrative proceedings. The Court concludes that the job numbers cited by the ALJ do not constitute a substantial number of jobs available in the national economy pursuant to Ninth Circuit law.  The VE testified that there was a limited number of jobs available given Plaintiff's limitation and when such testimony is credited as true, Plaintiff has been unable to sustain competitive work.[37] There are no outstanding issues to be resolved.[38]

### III. Conclusion

Remand for an award of benefits is appropriate. Plaintiff argues that the VE's job numbers were inflated, but even if the Court were to find the VE's job numbers appropriate, the numbers are not sufficient to meet the required threshold.  Moreover, the VE testified that the number of options for jobs which would be consistent with the RFC was "limited." There is no useful purpose in

---

[37] AR 86.

[38] *See Benecke v. Barnhart*, 379 F.3d 587, 595–96 (9th Cir. 2004) (recognizing that additional proceedings are not necessary if the credited evidence establishes that the claimant is unable to maintain employment due to pain and other symptoms).

remanding for furthering proceedings.[39] The credited medical opinions and vocational expert testimony establish disability as of the alleged onset date.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 7**, is **GRANTED**.

2. The Commissioner's Motion for Summary Judgment, **ECF No. 8**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff **REVERSING** and **REMANDING** the matter to the Commissioner of Social Security for immediate calculation and award of benefits from the alleged disability onset date.

4. The case shall be **CLOSED**.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

**DATED** this 28th day of November 2023.

*[signature]*

EDWARD F. SHEA
Senior United States District Judge